12-2100
*Yu v. Lynch*

BIA
Montante, IJ
A087 563 591

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand fifteen.

PRESENT:
>        GUIDO CALABRESI,
>        REENA RAGGI,
>        RICHARD C. WESLEY,
>                *Circuit Judges.*

_____

ZHEN WEI YU,
>        *Petitioner,*

>        v.                                                    12-2100
>                                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
>        *Respondent.*

_____

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

1

**FOR PETITIONER:**           Gary J. Yerman, Esq., New York, New York.

**FOR RESPONDENT:**           Stuart F. Delery, Principal Deputy Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Wei Yu, a native and citizen of China, seeks review of an April 30, 2012 decision of the BIA affirming an August 10, 2010 decision of an Immigration Judge ("IJ"), denying Yu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Zhen Wei Yu*, No. A087 563 591 (B.I.A. Apr. 30, 2012), *aff'g* No. A087 563 591 (Immig. Ct. Buffalo, N.Y. Aug. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S.*

2

*Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as Yu's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, candor, or responsiveness, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163, 165. Here, a totality of the circumstances, including inconsistencies and omissions between Yu's testimony and his personal statement or other record evidence, support the IJ's credibility determination. *See Xiu Xia Lin*, 534 F.3d at 166 n.3.

Yu testified that he was a member of the student democratic organization "Sound of Freedom," but made no mention of the group in his personal statement. When asked to explain this omission, Yu testified that he did not think that he had to put the name down. This explanation is not compelling, and the IJ

3

was not required to accept it.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).  Yu also testified that the police forced him to sign a guarantee letter that required him to report to the station every two weeks, but his personal statement does not mention any such letter; it states only that he was closely watched by the police.  Yu argues that this inconsistency was minor and that he was not required to list every incident of persecution in his asylum application.  Yu's argument is unpersuasive, however, as it ignores the distinction between being watched by the police and being made to sign a guarantee letter that required him to report to the police station every two weeks.  *See id.* at 81 (deferring to agency credibility determination where reasonable factfinder not "compelled" to conclude to the contrary).

The agency also reasonably found Yu's testimony inconsistent with his father's letter.  Yu testified that the police arrested him at his apartment, but his father's letter states that Yu was arrested at the father's home.  This inconsistency provides substantial support for the IJ's adverse credibility determination because it directly relates to the one significant instance of persecution that Yu alleges.  *See*

4

*Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). Yu's counsel wrote a letter to the IJ after the hearing claiming that that the letter's translation was incorrect, but the IJ reasonably rejected that explanation, noting that Yu's counsel is not a translator, and Yu did not point to any other record evidence indicating that the translation was deficient. *See Majidi*, 430 F.3d at 80.

Given the inconsistencies between Yu's testimony and his personal statement or other record evidence, we conclude that substantial evidence supports the agency's adverse credibility determination, which provided an adequate basis for denying him asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).[1]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Yu's pending motion for a stay of removal in this petition is DENIED as moot. Any

---

[1] We do not consider Yu's arguments regarding (1) the IJ's purported failure to consider Yu's alternative explanation for these inconsistencies, and (2) the IJ's reliance on Yu's history of immigration fraud, as Yu did not raise these arguments before the BIA. *See Acharya v. Holder*, 761 F.3d 289, 294 n.2 (2d Cir. 2014).

pending request for oral argument in this petition is DENIED

in accordance with Federal Rule of Appellate Procedure 34(a)(2)

and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court